IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERTO CARRASCO-SALAZAR,

                Plaintiff,                OPINION & ORDER

    v.

                                                      13-cv-11-wmc

MR. FAERDAY, DR. REED,
P.A. SPAHN, MR. LOPEZ,
DR. GUPTA and P.A. RITTER,

                Defendants.

---

In this civil action, brought pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff Roberto Carrasco-Salazar was granted leave to proceed against defendants for alleged deliberate indifference to his medical needs while he was incarcerated at the Federal Correctional Institution at Oxford, Wisconsin. (*See* dkt. #5.) One of those defendants, Lieutenant Cari Ritter, has moved for summary judgment, on the grounds that she is absolutely immune from suit as a commissioned officer of the United States Public Health Service ("USPHS"). (Dkt. #17.) Carasco-Salazar has filed a response. (Dkt. # 26). After considering all of the pleadings, the court will grant Lt. Ritter's motion for summary judgment for reasons set forth briefly below.

OPINION

Section 233(a) of United States Code Title 42 "grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (citing 42 U.S.C. § 233(a)). This

immunity "precludes *Bivens* actions against individual PHS officers or employees" for any harms arising out of the scope of their employment. *Id.* at 812. "[P]roof of scope is in most § 233(a) cases established by a declaration affirming that the defendant was a PHS official during the relevant time period." *Id.* at 811.

Lt. Ritter has provided the declaration of Captain George Durgin, who holds the position of Commissioned Corps Liaison Officer, Recruitment and Staffing Section, Health Services Division, Federal Bureau of Prisons. In that position, Capt. Durgin has access to the detail history of all USPHS officers who are or have been detailed to the Bureau of Prisons. Capt. Durgin avers, and Carrasco-Salazar does not dispute, that Lt. Ritter was an active duty commissioned officer of the USPHS acting in the scope of her employment at all times relevant to this case. (*See* Capt. George Durgin Decl. (dkt. #19) ¶ 4.) Thus, pursuant to § 233(a) and *Hui*, Lt. Ritter is entitled to absolute immunity from suit, and the court will enter judgment as a matter of law in her favor on Carrasco-Salazar's claims.

ORDER

IT IS ORDERED that defendant Lt. Cari Ritter's motion for summary judgment (dkt. #17) is GRANTED.

Entered this 14th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge